## A. R. BLAKELEY v. THE STATE.

No. 11009.   Delivered June 15, 1927.

**Transporting Intoxicating Liquor—Evidence, Held Sufficient.**

Where, on a trial for transporting intoxicating liquor, it was shown that appellant was arrested while driving his automobile containing a gallon of whiskey, which he admitted he was carrying to another man, this was sufficient to support the conviction.

Appeal from the District Court of Freestone County.   Tried below before the Hon. W. T. Jackson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record is before us without any bills of exception, and the only issue submitted for our consideration is the sufficiency of the evidence to sustain the conviction.   The record discloses that the appellant, his son, Claud Blakeley, and Roy Jackson were intercepted by the officers as they were leaving appellant's home in a Ford automobile, and that when the officers stopped the car and demanded that the parties get out, the appellant stated:

"There is nothing in the car but a gallon of whiskey and it don't belong to us.   It belongs to a man over on the pipe line. He didn't have any way to carry it into town and he give it to me to bring it home with me and to bring it back to him this morning."

The whiskey was found in the car, and all of the parties were placed under arrest.

The evidence upon the trial did not differ materially from the statement made by appellant at the time of his arrest, and was to the effect that the whiskey was carried from where the parties were working on the pipe line to the home of appellant on the evening before the arrest, and at the time of the arrest was being carried back to the pipe line to be delivered, according to

appellant's testimony, to a man who was in charge of the workmen on the pipe line. The evidence further shows that the appellant, before he reached home on the preceding evening, was apprised that the whiskey was in the automobile, and that he also knew that the whiskey was being transported at the time of his arrest. The court properly charged the law relative to principals, and we are clearly of the opinion that under appellant's testimony, as related upon the stand and as incorporated in his res gestae statement at the time of his arrest, he was connected criminally with the transportation of the whiskey in question.

Finding no error in the record the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.